# EXHIBIT 1

Department of Homeland Security
U.S. Citizenship and Immigration Services
*Orlando Field Office, District #10*
6680 Corporate Center Blvd
Orlando, Florida 32822



**U.S. Citizenship and Immigration Services**

Date:  **DEC 08 2020**

To:   Ivanord Aristil
P.O. Box 690343
Orlando, Fl 32869

File No.:  A087976618
MSC2091642226

## DECISION ON MOTION TO REOPEN/RECONSIDER

**ORDER:** Upon consideration, it is ordered that your Motion to Reopen or Reconsider your Petition to Remove Permanent Residence, Form I-751, be denied for the following reasons:

Section 103.5 Title 8 of the Code of Federal Regulations (CFR) states, in pertinent part:

(a)Motions to Reopen or Reconsider...

> Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

You filed Form I-751 pursuant to section 216 of the Immigration and Nationality Act. On August 11, 2020, the U.S. Citizenship and Immigration Services (USCIS) denied the application for reasons discussed in the decision. On September 8, 2020, you filed a Motion to Reopen or Reconsider the adverse decision.

In your motion, you requested a waiver of the requirement to file a joint petition to remove the conditional basis on residence based on the fact that you entered into the marriage in good faith, but the marriage was terminated through divorce/annulment.

8 C.F.R. 216.5(e)(2) states, in pertinent part, that:

> In considering whether an alien entered into a qualifying marriage in good faith, the director shall consider evidence relating to the amount of commitment by both parties to the marital relationship. Such evidence may include--
>
> > (i) Documentation relating to the degree to which the financial assets
> > and liability of the parties were combined;

    (ii) Documentation concerning the length of time during which the parties cohabited after the marriage and after the alien obtained permanent residence;

    (ii) Birth certificates of children born to the marriage;

    (iv) Other evidence deemed pertinent by the director.

You were given an opportunity to present evidence and/or testimony to substantiate your claim of a marriage in good faith, which was terminated. You submitted along with your motion the following evidence:

- Copy of Final Divorce Decree between you and Fabrina Joachim;
- Copy of marriage license;
- Copy of your passport;
- Copy of your conditional resident card;
- Copy of Fabrina Joachim's Certificate of Naturalization No. 31686874;
- Copy of unnotarized affidavit from Julo Succes claiming having knowledge of your marriage to Fabrina Joachim;
- Copy of unnotarized affidavit from Renald Montas claiming having knowledge of your marriage to Fabrina Joachim;
- Copy of unnotarized affidavit from Gregory Jeremie claiming having knowledge of your marriage to Fabrina Joachim;
- Copy of notarized affidavit from Ernest Hilaire claiming having knowledge of your marriage with Fabrina Joachim;
- Copy of notarized affidavit from ex-spouse Fabrina Joachim attesting to the bona fide marital relationship and the reasons for the dissolution of the marriage;
- Copy of unnotarized statement by you claiming the last time you saw your ex-spouse was on June 17, 2018 after witnessing your ex-spouse having an affair;
- Copy of electric bill addressed to Fabrina Joachim dated December 9, 2011;
- Copy of joint TD Bank statement for July 11-18 2014;
- Copies of joint Wells Fargo bank statement for July 1-31 2015 and August 1-31 2015;
- Few photos of Ivanord Aristilz and Fabrina Joachim

A bona fide marital relationship is a relationship that is entered into with the expectation that the parties involved are creating a life together, sharing the day-to-day responsibilities, celebrating important moments, and preparing for their future. In other words, it is a relationship entered into with the intent to carry out long-term expectations.

You failed to provide evidence that you maintained a bona fide marriage with Fabrina Joachim after you obtained your conditional permanent residence. The evidence submitted shows there is lack of any significant evidence showing an intermingling of financial assets and liabilities between you and Ms. Joachim after receiving your conditional resident status on June 10, 2013. USCIS has determined that your marriage to Fabrina Jochim was not entered into in good faith.

Unfortunately, USCIS has concluded that you have failed to establish that your marriage was not entered into solely for the purpose of circumventing the immigration laws of the United States. As such, you are not entitled to the benefits provided under Section 216(c) of the Immigration and

Nationality Act, and your Form I-751, Petition to Remove the Conditions on Residence, continues to be denied.

The motion to reconsider does not state reasons for reconsideration supported by pertinent precedent decisions to establish that the decision was based on an incorrect application of law or USCIS policy. A motion to reconsider a decision on an application or petition must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision.

Additionally, on September 29, 2020, the Service received your letter requesting to withdraw or cancel the motion claiming that your application to remove conditions on residence (Form I-751) was approved on August 21, 2020. Unfortunately, the approval letter you received was done on error. The case since was denied effective, August 27, 2020.

Therefore, the previous denial decision will remain unchanged.

Sincerely,

Kimberly Dean
Field Office Director

EX1153