UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IVANORD ARISTIL,

    Plaintiff,

v.                             Case No. 6:21-cv-1603-Orl-WBB-GJK

SECRETARY, DEPARTMENT
OF HOMELAND SECURITY;
DIRECTOR, CITIZENSHIP
AND IMMIGRATION SERVICES,

    Defendants.

_____/

**OPPOSED MOTION TO DISMISS AS MOOT**

    Federal Defendants, by and through the undersigned Assistant United States Attorney, move to dismiss Plaintiff's Complaint as moot, pursuant to Fed. R. Civ. P. 12(b)(1), and in support thereof submit the following:

**MEMORANDUM OF LAW**

    The party asserting jurisdiction bears the burden of establishing that a cause of action falls within a federal court's jurisdiction. *Kokkonen v. Guardian Life Ins.Co. of Am.*, 511 U.S. 375, 377 (1994). "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1) come in two forms": as either "facial attacks" in which the court merely determines whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction; or as "factual attacks," in which subject matter

jurisdiction is determined on matters "irrespective of the pleadings." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "[W]here a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence" relevant to its jurisdictional determination. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).  The district court is free to weigh the facts and is not constrained to view them in a light favorable to the plaintiff.  *Id*.

Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" or "Controversies." U.S. Const. art. III, § 2.  The "case or controversy" requirement imposes justiciability limitations on federal courts, and these limitations include mootness.  *See Soliman v. United States ex rel. INS,* 296 F.3d 1237, 1242 (11th Cir.2002).  A district court lacks the power, on mootness grounds, to decide a case if its decision cannot affect the rights of the litigants in the case.  *North Carolina v. Rice,* 404 U.S. 244, 246 (1971); *see also Powell v. McCormack,* 395 U.S. 486, 496 (1969) ("[A] case is moot when . . . the parties lack a legally cognizable interest in the outcome.").

The Eleventh Circuit has concluded that a case must be dismissed as moot if the court can no longer provide "meaningful relief."  *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs.,* 225 F.3d 1208, 1216-17 (11th Cir. 2000).  "[A]n action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval Cnty. Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997).  Furthermore, moot cases must be dismissed, because Article III

requires a live case or controversy at all stages of the litigation. *See Sierra Club v. EPA*, 315 F.3d 1295, 1299 (11th Cir. 2002); *see also BankWest, Inc. v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006) (per curiam).

## ARGUMENT

Plaintiff filed suit requesting the Court to review the United States Citizenship and Immigration Services' ("USCIS") decision to deny his Form I-751, Petition to Remove Conditions on Residence.  Specifically, Plaintiff is requesting the Court to compel the agency to vacate its decision, reopen the administrative proceedings and re-adjudicate the Form I-751.

Plaintiff's Form I-751 was denied on August 11, 2020, because USCIS determined that the applicant failed to submit enough evidence to support his claims.  On December 1, 2021, in its discretion, USCIS reopened Plaintiff's Form I-751 and scheduled him for an interview on January 10, 2022, to afford Plaintiff another opportunity to submit the evidence he failed to submit at the time of filing. *See* 8 C.F.R. 103.1(a)(5).  The interview has not yet been conducted, but because USCIS has elected to reopen Plaintiff's Form I-751, the previous denial is now wiped away.  Accordingly, the relief Plaintiff has requested in the complaint has been granted, and this case is now moot because this Court cannot provide him with any meaningful relief.

WHEREFORE, because USCIS has reopened and agreed to continue processing the Plaintiff's I-751 application, this case must be dismissed as moot.

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), counsel for Defendants has conferred with

Plaintiff's counsel, who is opposed to the relief sought in this motion.


Dated:  December 3, 2021              Respectfully submitted,

                                      KARIN HOPPMANN
                                      Acting United States Attorney

                          By:    /s/ *Phillip R.S. Ragler*
                                 PHILLIP R.S. RAGLER
                                 Assistant United States Attorney
                                 USAO No. 181
                                 400 W. Washington St., Ste., 3100
                                 Orlando, FL 32801
                                 Telephone: (407) 648-7500
                                 Fax: (407) 648-7588
                                 Email: phillip.ragler@usdoj.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 3, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

David Stoller, Esq.

                                 /s/ *Phillip R.S. Ragler*
                                 Assistant United States Attorney